FILED

**DESAI LAW FIRM, P.C.**
AASHISH Y. DESAI, ESQ. (SBN 187394)
8001 Irvine Center Drive, Suite 1450   2012 JUN 11   PM 3: 34
Irvine, CA 92618
Telephone:  (949) 842-8948    CLERK U.S. DISTRICT COURT
Facsimile:  (949) 271-4190    CENTRAL DIST. OF CALIF.
aashish@desai-law.com    SANTA ANA

BY _____

Attorneys for Plaintiff, JUDITH BRUBAKER, an individual, on behalf of herself
individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH BRUBAKER, an individual, on behalf of themselves individually and on behalf of all others similarly situated, | Case No.  **SACV12-00929 JVS (JPRx)** |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| vs. | **(1)   FAILURE TO PAY OVERTIME COMPENSATION;** |
| | **(2)   FAILURE TO PROVIDE LEGALLY MANDATED MEAL PERIODS;** |
| THE ENSIGN GROUP, INC., a California corporation; DOES 1 through 10, inclusive, | **(3)   FAILURE TO PROVIDE LEGALLY MANDATED REST BREAKS;** |
| Defendants. | **(4)   FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;** |
| | **(5)   UNFAIR COMPETITION UNDER BUSINESS & PROFESSIONS CODE SECTION 17200;** |
| | **(6)   WAITING-TIME PENALTIES;** |
| | **(7)   VIOLATION OF THE FLSA** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Judith Brubaker ("Plaintiff"), on behalf of herself individually and on behalf of all others similarly situated, hereby files this Complaint against Defendants The Ensign Group, Inc. and DOES 1-10 (hereafter collectively referred to as "Ensign" or "Defendants").  Plaintiff is informed and believes, and on that basis, alleges as follows:

## INTRODUCTION

1.    For over 50 years, California's courts and legislature have recognized that this State's wage-and-hour laws serve a compelling public interest of fostering a stable job market.  Wages are not ordinary debts.  Because of the economic position of the average worker and his or her family, it is essential to the public welfare that employers obey the wage-and-hour laws so that employees are promptly paid the minimum wages and overtime sums that the Legislature has dictated as being due to employees.  So fundamental are California's wage and hour laws, that the legislature has criminalized certain employer conduct, which violates those laws.  The Fair Labor Standards Act ("FLSA") has an equally rich history protecting workers.

2.    This is an action for violation of federal and state wage and hour laws. Plaintiff seeks to certify a nationwide collective action under 29 U.S.C. § 216(b) and a California class action pursuant to Federal Rule of Civil Procedure, Rule 23. The case arises out of an ongoing wrongful scheme by Ensign to unlawfully deprive certain of its employees the minimum benefits required by California's wage-and-hour laws and the FLSA.

3.    Plaintiff and members of the class previously worked for, continue to work for, or in the future will be employed by Ensign as (collectively "Class Members" or "the Class").  In this Complaint, "Therapists" includes all current and former occupational therapists, physical therapists, and any other similarly-

designated title or similarly-situated position.  Defendants employed Therapists to provide the day-to-day rehabilitative services to clients in their facilities.

4.     Since at least June 2008 to the present, Plaintiff and the Class have suffered common financial harm as their employer Ensign has violated, and continues to violate, (i) multiple provisions of California's wage-and-hour laws including, but not limited to, Labor Code Sections 203, 226, 226.7, 510, and 512; (ii) the Unfair Competition Law ("UCL") codified in California Business and Professions Code Sections 17200, *et seq.*; (iii) Industrial Welfare Commission Wage Order 4-2001, which is incorporated into the California Code of Regulations; and (iv) the FLSA.  More specifically, Ensign denies Class Members statutorily-mandated compensation for overtime and missed meal and rest breaks, and also fails to provide accurate itemized wage statements as required by California law. Ensign also denies the nationwide class statutorily-mandated overtime wages under the FLSA.  Accordingly, Plaintiff, on behalf of herself and the Class Members, seek to recover (i) unpaid overtime compensation and interest thereon; (ii) compensation for missed meal-and-rest periods; (iii) civil penalties and/or damages for failure to provide accurate, itemized wage statements; (iv) waiting-time penalties; (v) injunctive and other equitable relief; and (vi) attorneys' fees and costs.

5.     Defendants accomplish their labor law violations through systematic and uniform policies that place unrealistic amounts of work on Therapists, while requiring them to only report eight hours of work per day.   Therapists routinely perform work without pay and, almost daily, miss their meal and rest breaks. Plaintiff is not paid for these missed meal and rest breaks.

## ENSIGN'S UNLAWFUL WAGE-AND-HOUR POLICIES IN CALIFORNIA

6.     From at least June 2008 to present (the "Class Period"), Ensign has maintained illegal work policies that uniformly affect the class of Therapists. These policies require, encourage, and permit Therapists to perform their work in

violation of California labor laws under the following unlawful conditions:

7.    Ensign has further required Plaintiff and the Class to:

a.    Work without being provided timely itemized statements accurately showing the Therapists' total hours worked, as well as required overtime compensation and meal-and-rest break premiums;

b.    Work without their employer maintaining accurate payroll records showing the hours worked daily by Therapists; and

c.    Work without being paid full compensation owed (including unpaid overtime) in a prompt and timely manner upon termination of employment.

## STATUTORY DAMAGES OWED TO THE CALIFORNIA CLASS

8.    Based on the above, Plaintiff is owed at least the following by Defendants:

a.    *Unpaid Wages:*  California Labor Code §§ 204 and 1197 require Ensign to pay Plaintiff at least the minimum wage for all wages due.  Plaintiff was not paid at all for any work performed passed her eight-hour shift and as such, are owed wages for this work. The failure to provide all wages due constitutes a violation of PAGA and entitles Plaintiff to statutory penalties under Cal. Labor Code §§ 558 and 2699, *et seq.*

b.    *Unpaid Overtime:*  California's wage-and-hour laws, including Labor Code Section 510 and the applicable Wage Order legally require Ensign to pay Plaintiff and the Class Members overtime.   As a result of Ensign's failure to compensate Plaintiff and the Class for such overtime, Ensign must make

restitution to Plaintiff and the Class for all back overtime pay, plus interest.

c.   *Lost Meal Period Pay:*  California Labor Code Sections 226.7 and 512 and the applicable Wage Order require Ensign to provide Plaintiff and Class Members full and uninterrupted off-duty meal periods.  For each day Plaintiff and the Class did not take lawful meal periods, they are owed an additional hour of pay at their regular rate.

d.   *Lost Rest Period Pay:*  California Labor Code Sections 226.7 and 512 and the applicable Wage Order require Ensign to authorize and permit Plaintiff and the Class Members to take full and uninterrupted rest periods.  For each day Plaintiff and the Class Members were not authorized and permitted to take lawful rest periods, they are owed an additional hour of pay at their regular rate.

e.   *Failure to Provide Accurate Itemized Wage Statements:*  Since at least June 2008, Ensign has not furnished each of the Class Members with timely itemized wage statements accurately showing total hours worked by each such Class Member, as required by Labor Code Section 226, as well as meal-and-rest break premiums.  Accordingly, Defendants owe each Class Member $50 for the initial pay period in which Ensign failed to provide a statement showing total hours worked (and other required information) and $100 for each subsequent pay period, up to a total of $4000.

f.   *Failure To Timely Pay Former Employees:*  Since at least June 2008, Ensign has willfully failed and refused, and continues to

fail and refuse, to timely pay wages due for overtime compensation to former Class Members at the conclusion of their employment with Ensign.   Accordingly, these former employees are entitled to statutory penalties under Labor Code Sections 201-203.

9.     Unless this case proceeds as a class action, Defendants will likely continue their illegal labor law violations with impunity.   Plaintiff and the Class are therefore entitled to class-wide remedy, including injunctive relief, money damages, and all statutory penalties, plus interest, attorneys' fees and all other costs associated with Defendants' misconduct.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10.     Plaintiff brings the Seventh Claim for Relief as a nationwide collective action pursuant to the FLSA on behalf of all Therapists employed by Ensign on or after the date that is three years before the filing of the Complaint in this case (herein "FLSA Collective Plaintiffs").

11.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs has been, and are, "similarly situated" as that term is defined by relevant case law.   In particular, the FLSA Collective Plaintiffs have substantially similar job requirements, job duties, and pay provisions.   They have all been subject to Ensign's common decisions, policies, programs, practices, procedures, protocols, routines and rules.

12.     Ensign willfully failed and refused to pay the FLSA Collective Plaintiffs at legally-required time-and-a-half rate for work in excess of 40 hours per workweek and willfully failed to keep adequate time records as required by the FLSA to complete its unlawful scheme to deprive the FLSA Collective Plaintiffs their overtime wages.

13.    The Seventh Cause of Action is properly brought under and maintained as an opt-in collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable from Ensign's employment and payroll records.  Notice can – and should – be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Ensign.  Furthermore, notice should be expedited due to the "rolling" statute of limitations under the FLSA in which no claim is tolled until a Consent-to-Join is filed with the Court.

### THE PARTIES

14.    Plaintiff Judith Brubaker works as a Therapist for Victoria Health Care, one of the facilities owned and operated by Ensign.  She has been working there since April 2008.

15.    As a Therapist, Plaintiff provides the day to day rehabilitative care and services for Ensign's clients.  In addition to these duties, Plaintiff and other Therapists are also required to complete necessary paperwork including maintaining treatment records and resident files, drafting progress notes on patients, preparing evaluations of initial meetings with patients, preparing detailed billing records, and creating a daily activity schedule.

16.    Ensign was formed in 1999.  The company provides skilled nursing and rehabilitative services through its ninety-nine facilities located nationwide. Ensign has 29 facilities in California, 16 in Texas, and the remaining facilities are in Arizona, Washington, Utah, Colorado, Idaho, Nevada, Nebraska, and Iowa. All but seven of these facilities are nursing facilities.  The other seven are assisted living facilities.  Through its facilities Ensign provides nursing and assisted living services, physical and speech therapy, and other rehabilitative and healthcare services.  Its clients are both long-term residents and short-stay patients.  From

2008 - 2010, Ensign served nearly 30,000 patients.  (*See* Ensign Form 10-K for Fiscal Year 2010, p. 55.)

17.   Ensign is a flourishing and growing company.  Approximately seventy-five percent (75%) of the company's revenue in 2008 and 2010 came from Medicare and Medicaid Programs.  *Id.* at 88.  In 2009, Ensign's revenue was $542 million.  This increased in 2010 to $649.5 million.  Since January 2009, the company has acquired twenty facilities and a new home health and hospice operation.  In January 2010, the company purchased new skilled nursing facilities in Idaho for $7.6 million, paid for in cash.  On May 1, 2010, Ensign purchased still two more skilled nursing facilities in Texas for approximately $8.5 million and another home health and hospice operation in Idaho for approximately $2.7 million.  All of these purchases were paid in cash.  *Id.*  Needless to say, Ensign is prospering.

18.   Ensign prides itself on having a "dedicated front-line care staff, who participates daily in the clinical and operations improvement of their individual facilities."  *Id.* at 8.  Its staff must all comply with the Ensign Group, Employee Compliance & Code of Conduct Manual.  Ensign runs its facilities from a centralized location called the Service Center.  The Service Center, located in Mission Viejo, California, provides "centralized information technology, human resources, accounting, payroll, legal, risk management, education, and other key services."  (*See* Ensign Form 10-K for Fiscal Year 2010, p. 8.)

19.   Plaintiff sues Defendants DOES 1 through 10 under fictitious names.  Their true names and capacities, whether individual, corporate, associate or otherwise, are unknown to Plaintiff.  When Plaintiff ascertains their true names and capacities, they will seek permission from this Court to amend the Complaint to insert the true names and capacities of each fictitiously named defendant.  Plaintiff is informed and believes that each of these fictitiously named defendants

is responsible in some manner for the occurrences alleged herein, and that these defendants directly and proximately caused Plaintiff's damages.

20.   On information and belief, at all times relevant to this Complaint, Defendants, including the fictitiously named defendants, were the servants, employees, joint employers, integrated employers, alter egos, successors-in-interest, subsidiaries, affiliated companies or corporations, and joint venturers of the other Defendants, and were, as such, acting within the course, scope and authority of each other Defendant.   Plaintiff further allege on information and belief that each of the Defendants acted in concert with, and with the consent of, each of the other Defendants, and that each of the Defendants ratified or agreed to accept the benefit of the conduct of each of the Defendants.

## JURISDICTION AND VENUE

21.   Plaintiff and each Class Member was an employee of Ensign within the State of California and was subject to the unlawful policies at some point during the past four years.

22.   This Court has original federal jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act.   This Court also has original jurisdiction over Plaintiff and Class Members' state law claims pursuant to the Class Action Fairness Act of 2005.  28 U.S.C. § 1367.

23.   Venue is proper in this judicial District because a substantial part of the events and omissions giving rise to the claims occurred in this District.   Venue is also proper in this District because there is personal jurisdiction over Ensign, and a substantial number of unnamed class members reside and work for Ensign in this District and California.   Presently and at all times, Ensign has conducted substantial, continuous and systematic commercial activities in this District.

/ / /

24. While Plaintiff seeks a nationwide class for their FLSA "opt-in" claims, the gravamen of this action is the California state law claims which are subject to an "opt-out" requirement. Thus, California, as opposed to any other state, contains the vast majority of class members and witnesses. Indeed, it is the Plaintiff's performance of work without just compensation that gives rise to the claims here – work that was performed by a large number, if not majority, of class members in California.

## FACTUAL BACKGROUND

25. Ensign operates, and at all times during the applicable statutory periods, has done business in Orange County, California and elsewhere within California. It is also employs Therapists throughout the nation.

26. On information and belief, the practices and policies that are complained of herein were enforced against hundreds of Therapists employed by Ensign in California and nationwide during the relevant Class period.

27. Plaintiff and the other Class Members are covered, or were covered by, California IWC Wage Order No. 4-2001, 8 Cal. Code of Reg. Section 11040 (hereinafter referred to as the "Wage Order"). As of January 1, 2000, Section 3 of the Wage Order required employers to pay employees $1\frac{1}{2}$ times their normal hourly rate for hours worked in excess of 8 per day and in excess of 40 per week, and at twice the normal hourly rate for hours worked in excess of 12 per day and 8 on the seventh day worked in a workweek.

28. Since at least June 2008, Plaintiff has been required to perform work for which she did not receive any compensation. This work includes any work performed after her eight hour shift. Most times, this work consists of preparing the required paperwork including maintaining treatment records and resident files, drafting progress notes on patients, preparing evaluations of initial meetings with

patients, preparing detailed billing records, and creating a daily activity schedule. Ensign did not and does not pay Plaintiff for this work even though she has expressly informed Ensign that she cannot complete all the work within eight hours. No therapist can. Ensign has a policy of refusing to pay Plaintiff for any work done beyond eight hours per day. Ensign has known these facts and has required Plaintiff and other Therapists to perform this work without compensation.

29. Since at least June 2008, Ensign's Therapists, including Plaintiff, have regularly worked in excess of 5 hours a day without being afforded full and uninterrupted off-duty meal periods of at least a one-half hour in which they were relieved of all duties. They have also regularly worked at least 10 hours a day without receiving a second full and uninterrupted off-duty meal period of at least one-half hour in which they were relieved of all duties. Ensign has known these facts and permitted, encouraged, or required Therapists to forego these meal periods without compensating them for the missed meal periods. The Therapists do not fall within any exemption to the meal period requirements of the Labor Code and the Wage Order.

30. Since at least June 2008, Plaintiff and the Class Members have regularly worked over a four-hour period (or major fraction thereof) without Ensign authorizing and permitting them to take a paid 10-minute rest period. Ensign has known these facts and suffered, permitted, encouraged, or required Plaintiff and Class Members to forego these rest periods. Plaintiff and Class Members do not fall within any exemption to the rest period requirements of the Labor Code and the Wage Order.

31. Since June 2008, Ensign has failed to furnish each of its Therapists with timely itemized wage statements accurately showing total hours worked, required overtime compensation, meal-and-rest break premiums and other information required to be disclosed by California law.

32.   Since at least June 2008, Ensign has failed to keep payroll records showing the hours worked daily by the Therapists.

33.   Since at least June 2008, Ensign has violated the UCL by the violations of California law as described above.

### RULE 23 CLASS ACTION ALLEGATIONS

34.   As Therapists at Ensign, Plaintiff and the Class regularly worked in excess of 8 hours per day and in excess of 40 hours per week without payment of proper overtime compensation as required by California state wage and hour laws. Plaintiff and the Class were also encouraged and/or required to work in excess of 5 hours per day without taking a full and uninterrupted off-duty meal period of at least one-half hour and/or to work in excess of 10 hours per day without taking a second full and uninterrupted off-duty meal period of at least one-half hour. Plaintiff and the Class were also denied rest periods to which they were entitled under California law.

35.   As a direct result of Ensign's unlawful conduct, Plaintiff and the Class have been deprived of the wages, overtime, and other legal protections to which they are entitled under California's wage-and-hour laws.

36.   At all relevant times, Ensign was and is legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and Class Members.   Further, Ensign is responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior."   The conduct of Ensign managers and supervisors was at all relevant times undertaken as employees of Ensign, acting within the scope of their employment or authority in all of the unlawful activities described in each and all of the foregoing paragraphs.

37.   As a result of Defendants' misconduct, Plaintiff seeks monetary damages and civil penalties.  Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Federal Rules of Civil Procedure Rule 23.  The Class that Plaintiff seeks to represent is composed of and defined as follows:

> **All current and former California-based Therapists employed by Ensign at any time within the last four years from the filing of the original Complaint to the time of trial of this matter.**

38.   Plaintiff also seeks to represent a subclass, which is defined as follows:

> **All former California-based Therapists employed by Ensign at any time within the last four years from filing the original Complaint to the time of trial of this matter who did not receive all wages due and owing to them upon leaving employment with Ensign.**

39.   Plaintiff also seeks to represent a subclass, which is defined as follows:

> **All current and former California-based Therapists employed by Ensign at any time within the last four years from filing the original Complaint to the time of trial of this matter who did not receive legally required meal periods or compensation in lieu thereof.**

40.   Plaintiff also seeks to represent a subclass, which is defined as follows:

> **All current and former California-based Therapists employed by Ensign at any time within the last four years from filing the original Complaint to the time of trial of this matter who did not receive legally required rest periods or compensation in lieu thereof.**

41.   Plaintiff also seeks to represent a subclass, which is defined as follows:

> **All current and former California-based Therapists employed by Ensign at any time within applicable statute of limitations period who did not receive proper itemized wages statements as required by Labor Code Section 226(a).**

42.   Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Class and Subclasses. In any event, Plaintiff will formally define and designate a class definition at such time when Plaintiff seeks to certify the Class and Subclasses.

43.   This action has been brought and may properly be maintained as a class action under Federal Rules of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

/ / /

/ / /

a. *Numerosity*: The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Ensign has employed at least 100 people as Therapists in California during the Class Period.

b. *Commonality*: There are questions of law and fact common to the Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

i.     Whether Ensign violated Wage Order No. 4-2001, Labor Code Section 510, and the FLSA by failing to pay overtime compensation to Therapists who worked in excess of 40 hours per week and/or 8 hours a day.

ii.    Whether Ensign violated Business and Professions Code Section 17200 by failing to pay overtime compensation to Therapists who worked in excess of 40 hours per week and/or 8 hours a day.

iii.   Whether Ensign violated Wage Order No. 4-2001 and Labor Code Sections 226.7 and 512 by failing to afford Therapists proper meal and rest periods.

iv.    Whether Ensign violated Business and Professions Code Section 17200 by failing to afford Therapists proper meal and rest periods.

v.     Whether Ensign violated Wage Order No. 4-2001 and Labor Code Sections 226 and 1174 by failing to keep accurate records of employees' hours of work, the beginning and end of each work period, meal periods, gross wages earned, and net wages earned.

vi.    Whether Ensign violated Labor Code Section 1174 by failing to keep accurate records of employees' hours of work.

/ / /

vii.      Whether Ensign violated Labor Code Section 226 by failing to timely furnish each Therapist with a statement accurately showing the total hours the Therapist worked each pay period.

viii.     Whether Ensign violated Business and Professions Code Section 17200 by failing to timely furnish each Therapist with a statement accurately showing the total hours the Therapists worked each pay period.

ix.       Whether Ensign violated Labor Code § 201-203 by failing to pay overtime wages due and owing at the time that Plaintiff's and other Class Members' employment with Ensign was terminated.

x.        Whether Ensign violated Business and Professions Code Section 17200 by failing to pay overtime wages due and owing at the time that Plaintiff's and other Class Members' employment was terminated with Ensign.

xi.       Whether Ensign violated Labor Code Section 226 by failing to timely furnish Plaintiff and Class Member with a statement accurately showing the total hours worked each pay period, the net wages earned, and gross wages earned.

xii.      Whether Ensign violated Business and Professions Code Section 17200 by failing to timely furnish Plaintiff and Class Member with a statement accurately showing the total hours worked each pay period, the net wages earned, and gross wages earned.

xiii.     What were the policies, practices, programs, procedures, protocols, and plans of Ensign regarding payment of overtime wages for all hours worked by Therapists.

xiv.      What proof of hours is sufficient where Ensign intentionally failed to maintain time records.

/ / /

/ / /

c. *Typicality*:  Plaintiff's claims are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Ensign's common course of conduct in violation of law as alleged herein.

d. *Adequacy Of Representation*:  Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class Members.  Counsel who represent the Plaintiff are competent and experienced in litigating large wage-and-hour and other employment class actions.

e. *Superiority Of Class Action*:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class Member has been damaged and is entitled to recovery by reason of Ensign's illegal policies and practices.  Even if every individual Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the court in which the individual litigation of the numerous cases would proceed.  Individualized litigation would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  In addition, if each individual Class Member was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual Class Member with Defendants' vastly superior financial and legal resources.  By contrast, the conduct of this action as a class action presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class Member.  Plaintiff anticipates no

difficulty in the management of this action as a class action since the unlawful conduct at issue is the same with respect to all Class Members.

44.    The prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to such adjudication or that would substantially impair or impede the ability of such non-party Class Members to protect their interests.

45.    The prosecution of individual actions by Class Members could establish inconsistent standards of conduct for Ensign.

46.    Ensign has acted, or refused to act, in respects generally applicable to the Class as a whole, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole, as requested herein.  Likewise, Ensign's conduct as described above is unlawful, continuing, and capable of repetition and will continue unless restrained and enjoined by the Court.

## FIRST CAUSE OF ACTION
### (Unlawful Failure To Pay Overtime Compensation Against All Defendants)

47.    Plaintiff repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

48.    By its failure to pay overtime compensation as alleged above, Ensign has violated and continues to violate the provisions of Labor Code Sections 510 and 1194, as well as Wage Order No. 4-2001, which require employers to pay overtime compensation to non-exempt employees.

49.    By failing to keep adequate time records required by Labor Code Sections 226 and 1174, Ensign has made it difficult to calculate the overtime compensation due to Plaintiff and the Class Members.

50.     As a result of Ensign's unlawful acts, Plaintiff and Class Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code Section 1194.

51.     Accordingly, Plaintiff and the Class respectfully request that the Court award judgment and relief in their favor as described herein.

## SECOND CAUSE OF ACTION
### (Unlawful Failure To Provide Legally Mandated Meal Periods Against All Defendants)

52.     Plaintiff repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

53.     At all relevant times, Labor Code Sections 226.7 and 512, and IWC Wage Order No. 4-2001, provided that employees must receive a first meal period of not less than 30 minutes before working more than 5 hours in workday, and a second meal period of not less than 30 minutes before working more than 10 hours in a workday.

54.     Plaintiff and Class Members were regularly compelled to work in excess of 5 and 10 hours per day without being afforded at least one-half hour meal periods in which they were relieved of all duties, as required by Sections 226.7 and 512 and the applicable Wage Order.

55.     Because Ensign failed to afford full and uninterrupted off-duty meal periods, it is liable to Plaintiff and Class Members for one hour of additional pay at the regular rate of compensation for each workday that the full and uninterrupted off-duty meal periods were not provided, pursuant to Labor Code Section 226.7 and the applicable Wage Order, for the applicable liability period prior to the filing of this Complaint, up to and including the present.

/ / /

56.   Accordingly, Plaintiff and the Class respectfully request that the Court award judgment and relief in their favor as described herein.

### THIRD CAUSE OF ACTION
**(Unlawful Failure To Provide Legally Mandated Rest Breaks Against All Defendants)**

57.   Plaintiff repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

58.   At all relevant times, Labor Code Section 226.7 and the applicable Wage Order provided that employees must be authorized and permitted to take rest periods of 10 consecutive minutes for each 4 hours worked (or major fraction thereof).

59.   Plaintiff and the Class were regularly compelled to work over a four hour period (or major fraction thereof) without Ensign authorizing and permitting them to take a paid 10-minute rest period as required by Labor Code Section 226.7 and the applicable Wage Order.

60.   Because Ensign failed to authorize and permit uninterrupted off-duty rest periods, it is liable to Plaintiff and Class Members for one hour of additional pay at the regular rate of compensation for each workday that the full and uninterrupted off-duty rest periods were not provided, pursuant to Labor Code Section 226.7 and Wage Order No. 4-2001, for the applicable liability period prior to the filing of this Complaint, up to and including the present.

### FOURTH CAUSE OF ACTION
**(Failure To Furnish Accurate Itemized Wage Statements Against All Defendants)**

61.   Plaintiff repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

/ / /

/ / /

62.   California Labor Code Section 226(a) requires employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement that accurately reflects the total number of hours worked.  Labor Code Section 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to $4000.

63.   Ensign knowingly and intentionally failed to furnish, and continues to knowingly and intentionally fail to furnish, Plaintiff and Class Members with timely, itemized statements that accurately reflect total number of hours worked as required by Labor Code Section 226(a).  This failure has injured Plaintiff and the Class Members by misrepresenting and depriving them of hour, wage and earnings information they are entitled to, causing them not to be paid wages they are entitled to, causing them to rely on inaccurate earnings statements in dealings with third parties, eviscerating their right under Labor Code § 226(b) to review itemized wage statement information by inspecting the employer's underlying records and deceiving them regarding their entitlement to overtime and meal and rest period wages.  As a result, Ensign is liable to (i) Plaintiff and the Class who suffered actual damages for the three-year period prior to the filing of the Complaint; and (ii) Plaintiff and the Class Members who did not suffer actual damages, or whose statutory penalties exceed actual damages, for the statutory penalties provided in Labor Code Section 226(e) for the one-year period prior to the filing of this Complaint, up to and including the present.

64.   Accordingly, Plaintiff and the Class respectfully request that the Court award judgment and relief in their favor as described herein.

/ / /

/ / /

## FIFTH CAUSE OF ACTION
### (Violation Of Business & Professions Code Section 17200
### Against All Defendants)

65.   Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

66.   Ensign's acts constitute a continuing and ongoing unlawful activity prohibited by the UCL and justifies the issuance of an injunction, restitution, and other equitable relief pursuant to Business & Professions Code Section 17203.

67.   Labor Code Section 90.5(a) articulates the public policy of this State to vigorously enforce minimum labor standards, including the requirements to pay overtime and benefits pursuant to Labor Code Sections 510, 515, 550-553, 1194, and 1198, to provide accurate itemized wage statements and keep payroll records pursuant to Labor Code Sections 226, 226.3, 1174, and 1174.5; and to provide adequate meal and rest periods pursuant to Labor Code Sections 226.7 and 512. Ensign's conduct of requiring Therapists to work an excessive amount of overtime hours without providing overtime compensation, without providing accurate itemized wages statements, and without providing adequate meal and rest periods directly violates state law, constitutes and was intended to constitute unfair competition and unlawful and unfair acts and practices within the meaning of the UCL.

68.   Through the wrongful and unlawful acts, Ensign has acted contrary to the public policy of this State.

69.   Ensign is engaging in unlawful business acts and practices by violating California law including, but not limited to, Labor Code Sections 201-203, 226, 226.7, 510, 512, 515, 550-553, 1174, 1174.5, 1194, and 1198, as well as the applicable Wage Order. Ensign also violated the FLSA which can be used as a predicate act for the UCL violation for the California Class Members.

70.    As a result of their unlawful, unfair, and/or fraudulent acts, Ensign has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and the Class Members.  Therefore, under the provisions of the UCL and Labor Code Sections 510, 515, 1194 and IWC Wage Order No. 4, Ensign should be enjoined from this activity and should provide restitution to Plaintiff and Class Members of the wrongfully withheld overtime and meal and rest break wages pursuant to Business and Professions Code Section 17203, in a sum according to proof for the four-year period preceding the filing of this Complaint up to and including the present.

71.    Accordingly, Plaintiff and the Class respectfully request that the Court award judgment and relief in their favor as described herein.

## SIXTH CAUSE OF ACTION

### (Waiting-Time Penalties Against All Defendants)

72.    Plaintiff repeats and realleges each and every allegation made in the foregoing paragraphs as if fully set forth herein.

73.    California Labor Code Section 201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge. Labor Code Section 202 requires an employer to promptly pay compensation due and owing to said employee within 72 hours of that employee's termination of employment by resignation.  California Labor Code Section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to 30 work days.

///

///

74.   Ensign willfully failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages, including unpaid overtime pay, to those Class Members whose employment terminated, as required by Labor Code Sections 201-202.   As a result, Ensign is liable to Plaintiff and Class Members who are no longer employed by Ensign for waiting time penalties, together with interest thereon and attorneys' fees and costs, under California Labor Code Section 203.7.

75.   Accordingly, Plaintiff and the Class Members who are no longer employed by Ensign respectfully request that the Court award judgment and relief in their favor as described herein.

## SEVENTH CAUSE OF ACTION

### (Nationwide FLSA Overtime Violation Against All Defendants)

76.   Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

77.   Ensign has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA.   At all relevant times, Ensign has employed, and continues to employ, the FLSA Collective Plaintiffs as "employers" under the FLSA.   Moreover, Ensign has gross operating revenues in excess of $500,000 and is otherwise subject to the requirements of the FLSA.

78.   Throughout, at least, the last three-years, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

79.   At all relevant times, Ensign operated under and continues to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs at time and one-half rates for work in excess

of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime wages.

80.    At all relevant times, Ensign defendant willfully, regularly and repeatedly failed, and continues to fail to pay Plaintiff and other FLSA Collective Plaintiffs at the required overtime rates, for hours worked in excess of 40 hours per workweek.

81.    At all relevant times, defendant willfully, regularly and repeatedly failed, and continues to fail to make, keep and preserve accurate records required by the FLSA with respect to the Plaintiff and the other FLSA Collective Plaintiffs, including records sufficient to accurately determine the wages and hours of employment.

82.    Plaintiff and the FLSA Collective Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations and/or prejudgment interest, attorneys' fees and costs, injunctive relief requiring Ensign to cease and desist from its overtime-pay violations of the FLSA and comply with the FLSA's overtime pay requirements, and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and the Class Members she seeks to represent in this action request the following relief:

A.    That the Court determine that Causes of Action One thru Six may be maintained as a California class action under FRCP Rule 23; and further determine that immediate certification to issue notice of the FLSA claims under the Seventh Cause of Action is appropriate under the FLSA, 29 U.S.C. § 216(b) for a nationwide class;

B. That the Court find that Ensign has violated the overtime provisions of Labor Code Sections 510 and 1194, the FLSA, and Wage Order No. 4-2001 as to the Plaintiff and the Class;

C. That the Court find that Ensign has violated the record-keeping provisions of Labor Code Sections 226 and 1174(d) as to Plaintiff and the Class;

D. That the Court find that Ensign has violated California Labor Code Sections 226.7 and 512, and Wage Order No. 4-2001 by failing to afford Plaintiff and Class Members full and uninterrupted off-duty meal and rest periods or compensation in lieu thereof;

E. That the Court find that Ensign has violated California Labor Code Section 226 by failing to timely furnish Plaintiff and Class Members itemized statements accurately showing the total hours worked by each of them;

F. That the Court find that Ensign has violated Labor Code Sections 201, 202, and 203 for willful failure to pay all compensation owed at the time of termination of employment to Class Members;

G. That the Court find that Ensign has violated Business and Professions Code Section 17200 by failing to pay its Therapists overtime compensation, by failing to keep proper time records, by failing to afford Therapists full and uninterrupted off-duty meal periods, and by failing to timely furnish Therapists with statements accurately showing total hours worked;

I. That the Court find that Ensign's violations as described have been willful;

///

-25-

J.  That the Court award to Plaintiff and the Class damages for the amount of unpaid overtime compensation, including interest thereon, damages for failure to timely furnish statements accurately showing total hours worked and penalties subject to proof at trial;

K.  That Ensign be ordered and enjoined to pay restitution to Plaintiff and the Class due to Ensign's unlawful and/or unfair activities, pursuant to Business and Professions Code Sections 17200-17205;

L.  That Ensign further be enjoined to cease and desist from unlawful and/or unfair activities in violation of Business and Professions Code Section 17200, pursuant to Section 17203;

M.  That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to Labor Code Sections 218.5, 226, 1194, and 26990, Civil Procedure Code Section 1021.5, FLSA, 29 U.S.C. § 216(b) and/or other applicable law;

N.  That Plaintiff and the FLSA Collective Plaintiffs be awarded damages, according to proof, including liquidated damages;

O.  Prejudgment and postjudgment interest, as provided by law; and

P.  That the Court award such other and further relief as this Court may deem appropriate.

Dated:  June 7, 2012

DESAI LAW FIRM, P.C.

By: _____
Aashish Y. Desai
Attorneys for Plaintiff Judith
Brubaker, on behalf of herself
individually and on behalf of all
others similarly situated

1

## DEMAND FOR JURY TRIAL

2
      Plaintiff and the Class hereby demand a jury trial on all issues of fact or law

3
so triable.

4

5

6
Dated:  June 7, 2012

DESAI LAW FIRM, P.C.

7
By: _____

8
Aashish Y. Desai

9
Attorneys for Plaintiff Judith
Brubaker, on behalf of herself
individually and on behalf of all
others similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV12- 929 JVS (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Aashish Y. Desai, Esq. (SBN 187394)
DESAI LAW FIRM, P.C.
8001 Irvine Center Drive, Suite 1450
Irvine, California 92618
Tel: (949) 842-8948
Fax: (949) 271-4190

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Judith Brubaker, an individual, on behalf of themselves indivdually and on behalf of all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>The Ensign Group, Inc., a California corporation; DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV12-00929 JVS (JPRx)**<br><br><br>**SUMMONS** |

TO:  DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Aashish Y. Desai_____, whose address is __Desai Law Firm, P.C, 8001 Irvine Center Drive, Suite 1450, Irvine, CA 92618_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___JUN 1 1 2012_____

By: __N. Bo_____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Judith Brubaker, an individual, on behalf of themselves individually and on behalf of all others similarly situated, | The Ensign Group, Inc., a California corporation; DOES 1 through 10, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Desai Law Firm, P.C. – Aashish Y. Desai, Esq. (SBN 187394) 8001 Irvine Center Drive, Irvine, CA 92618  (949) 842-8948 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
FLSA, 29 U.S.C. § 216(b) (unpaid wages)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**  Case Number: _____  **SACV12-00929 JVS (JPRx)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  June 8, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |