UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-00929 JVS (JPRx) | Date | November 7, 2012 |
| Title | Judith Brubaker v. The Ensign Group, Inc. et al. | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Karla J. Tunis | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS)
Order Denying Plaintiff's Motion to Certify Class (fld 8/31/12)

Plaintiff Judith Brubaker ("Plaintiff"), on behalf of herself and all other persons similarly situated, brings this motion pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiff requests conditional certification of an "opt-in" collective class and authorization to distribute judicial notice to "similarly situated" persons employed by Defendant The Ensign Group, Inc. ("EG"). Additionally, Plaintiff moves the Court to order EG to produce the names, job titles, addresses, phone numbers, emails, dates and locations of employment, employee numbers, and the last four digits of the Social Security Number of potential class members. (Mot. for Conditional Class Certification to Facilitate Notice Under FLSA ("FLSA Certification Motion"), Docket No. 16.) EG opposes the motion. (Opposition to Plaintiff's Mot. for Conditional Class Certification ("Opposition"), Docket No. 22.)

For the reasons set forth below, the Court DENIES the FLSA Certification Motion.

## I. BACKGROUND

Plaintiff works as a Therapist at Victoria Healthcare and Rehabilitation Center ("Victoria Healthcare") in Costa Mesa, California, her employer since August 2007. (Compl. ¶ 14, Docket No. 1; Declaration of Judith Brubaker ("Brubaker Decl.") ¶ 2, Docket No. 16-1.) Victoria Healthcare is a separate, wholly-owned, independent subsidiary of EG, and has its own management, employees, and assets.[1] (Declaration of

---

[1] In the Complaint, Plaintiff states that she works as a Therapist for Victoria Healthcare and that it is owned and operated by EG. (Compl. ¶ 14.) In her Declaration, Plaintiff does not mention Victoria

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00929 JVS (JPRx) | Date | November 7, 2012 |
|---|---|---|---|
| Title | Judith Brubaker v. The Ensign Group, Inc. et al. | | |

Gregory K. Stapely ¶¶ 2, 3, Docket No. 22-2.) As a Therapist,[2] Plaintiff's responsibilities include evaluating and treating patients, maintaining treatment records and patient files, drafting progress notes on patients, preparing evaluations of initial patient assessments, and preparing billing records. (Brubaker Decl. ¶ 4.) Plaintiff avers that she and all other therapists employed by EG's subsidiaries are classified as non-exempt employees for purposes of overtime pay requirements and are compensated on an hourly basis. (Id. ¶ 3.)

Plaintiff brought suit against EG on August 20, 2012, for violations of federal and state wage and hour laws. Plaintiff seeks to recover unpaid overtime compensation, compensation for missed meal-and-rest periods, civil penalties and/or damages for failure to provide accurate, and itemized wage statements under the FLSA, California Labor Code, California Business and Professional Code, and the California Code of Regulations. (Compl. ¶ 4.) The FLSA claim alleges that EG operates under a common policy that willfully fails to keep records required by the FLSA and refuses to pay the FLSA plaintiffs the proper overtime rates for work in excess of forty hours per week. (Id. ¶¶ 76–82.) Plaintiff moves this Court to conditionally certify a collective class action pursuant to 29 U.S.C. § 216(b). The proposed class is composed of "[a]ll persons who are, have been, or will be employed by [EG] as a Therapist within the United States at any time" during the period of August 20, 2009, through the final disposition of this case. (Notice of Motion, Docket No. 16.)

## II. LEGAL STANDARD

The FLSA provides for overtime pay "for a workweek longer than forty hours" and prohibits an employer from failing to provide overtime wages to an employee. 29 U.S.C. § 207(a). Section 16(b) of the FLSA provides that a collective action under 29 U.S.C. § 207 may be brought by "any one or more employees for and in behalf of himself or

---

Healthcare and only states that she has "been employed with [EG] from August 2007 to the present as a therapist." (Brubaker Decl. ¶ 2.) EG asserts that "Plaintiff is not employed by Ensign–she is employed by Victoria Healthcare." (Opposition, at p. 13 n.4.) Because the Court denies the FLSA Certification Motion on evidentiary grounds, it declines to address the parties' competing understandings of EG's organizational structure.

[2]Plaintiff does not define "Therapist" in the motion. The Court therefore adopts the definition in the Complaint: "[A]ll current and former occupational therapists, physical therapists, and any other similarly-designated title or similarly-situated position." (Compl. ¶ 3.)

themselves and other employees similarly situated."[3] 29 U.S.C. § 216(b). Unlike class actions under Federal Rule of Civil Procedure 23, potential members of a collective action under the FLSA must "opt-in" to the suit by filing a written consent with the Court in order to benefit from and be bound by a judgment. Id.; Does I through XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1062 (9th Cir. 2000). Employees who do not opt-in may bring a subsequent private action. Leuthold v. Destination Am., Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004) (citing EEOC v. Pan Am. World Airways, Inc., 897 F.2d 1499, 15808 n.11 (9th Cir. 1990)).

"District courts have considerable discretion in managing FLSA collective actions, including in determining how and when notice is provided to potential opt-in class members, and whether certification of § 216(b) collective action is appropriate." Sarviss v. Gen. Dynamics Info. Tech., Inc., 663 F. Supp. 2d 883, 902 (C.D. Cal. 2009) (citing Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 171-73 (1989) (internal citations omitted). Exercise of the court's discretion necessitates an inquiry as to the existence of employees who are similarly situated with respect to their job requirements and pay provisions. See Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991).

Neither the FLSA nor the Ninth Circuit define "similarly situated," but district courts in this circuit apply a two-step approach to certification. See, e.g. Sarviss, 663 F. Supp. 2d at 903; Misra v. Decision One Mortg. Co., LLC, 673 F. Supp. 2d 987, 992–93 (C.D. Cal. 2008). To satisfy step one, the plaintiff need not show that her position is or was identical to the putative class members' positions. Sarviss, 663 F. Supp. 2d at 903. Rather, the plaintiff must provide some factual evidence, beyond the allegations in the complaint, demonstrating that she and other potential plaintiffs together were victims of a

---

[3] Section 216(b) provides:

> Any employer who violates [the minimum wage or maximum hours provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

single, common decision, policy, or plan. Misra, 673 F. Supp. 2d at 993 (quoting Roebuck v. Hudson Valley Farms, Inc., 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002)); see also Sarviss, 663 F. Supp. 2d at 903 (requiring "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice" that violated the law); Barron v. Henry Cnty. Sch. Sys., 242 F. Supp. 2d 1096, 1104 (M.D. Ala. 2003) (stating that showing must go beyond mere facts of job duties and pay provisions).

Because this first determination typically occurs before discovery and based on limited evidence, courts usually grant conditional class certification at this stage. Misra, 673 F. Supp. 2d at 993; Adams v. Inter-Con Sec. Systems, Inc., 242 F.R.D. 530, 536 (N.D. Cal. 2007) ("The usual result is conditional class certification."). In addition, courts do not consider the merits of the claims because such an evaluation is "unnecessary to determine whether notice is appropriate to the defined similarly situated class." Ayers v. SGS Control Servs., Inc., No. 03Civ.9078(RMB)(RLE), 2004 WL 2978296, at *6 (S.D.N.Y. Dec. 21, 2004); see also Adams, 242 F.R.D. at 539 (declining to evaluate the merits at the conditional certification stage)

The second step usually occurs at the conclusion of discovery, usually on a motion for decertification by the defendant, and utilizes a stricter standard of "similarly situated." Sarviss, 663 F. Supp. 2d at 903. At that step, courts review several factors, including (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. Id.

## III. DISCUSSION

Plaintiff seeks to show that she is "similarly situated" to a class of persons with respect to her job duties, production requirements, role within EG, and pay provisions, but who may be located at other individual EG-affiliated facilities nationwide. (FLSA Certification Motion, at 1; Brubaker Decl. ¶¶ 2–9.) Plaintiff's proof consists of her declaration, (Docket No. 16-1); EG's Form 10-Q filed August 1, 2012, ("2012 Form 10-Q," Docket No. 17); Form 10-K for Fiscal Year 2011, ("2011 Form 10-K," Docket No. 18); EG's 2009 Annual Report, ("Annual Report," Docket No. 19); and Form 10-Q filed November 2, 2011, ("2011 Form 10-Q," Docket No. 20.). Specifically, Plaintiff's declaration states that she believes "virtually all therapists are subject to the same

unreasonable demands to complete work," including maintaining patient paperwork, for over forty-hours a week; that she believes "all Ensign Group therapists are classified as non-exempt employees"; and that all therapists are paid on an hourly basis.[4] (Brubaker Decl. ¶ 3.) Plaintiff avers that she and other therapists must follow the policies codified in EG's Employee Compliance and Code of Conduct Manual, and that she was directed to turn to one of the subsidiaries, the Service Center in Mission Viejo, California, regarding concerns about her pay and calculation of benefits. (Id. ¶¶ 4, 6, 7.) Plaintiff highlights EG's statement in its SEC filings that the Service Center provides "centralized information technology, human resources, accounting, payroll, legal, risk management, and other centralized services. . . ." (Mot. at 7; 2011 Form 10-K, at 3.) Plaintiff does not provide evidence or declarations showing a common policy or plan regarding withholding of overtime pay.

EG contends that Plaintiff's evidence, which includes no declarations other than her own, is inadequate to show that other therapists employed at EG-affiliated facilities are similarly situated. (Opposition, at 1, 11.) EG further counters Plaintiff's description of its business model. It states that it is a holding company with no direct operating assets, employees, or revenues, and that each of the 103 facilities in its corporate family is independently owned and operated. (Id. at 2.) EG states that it has no control over the operation of the facilities, "including but not limited to hiring, firing, compensation, staffing, scheduling, and general terms and conditions of employment." (Id. at 2–3.) It further claims that the Service Center "only provides support services for facilities with which it contracts, at the facility's request and direction," and that it does not employ the therapists directly. (Id. at 3.) In support, EG points to statements in the SEC filings asserting that it is a "holding company with no direct operating assets, employees, or revenues"; that the verbiage in its filings is not meant to imply that any of the facilities are operated by the same entity; and that each facility is responsible for its own operational decisions. (Id. at 4.)

Applying the lenient standard for conditional certification at the notice stage, the Court finds that Plaintiff has not made a threshold showing, supported by discovery or affidavits, that she and any potential plaintiffs together were the victims of a single

---

[4] Plaintiff states that her belief is based upon her conversations and observations throughout five years of employment at Victoria Healthcare, mandatory training sessions with other EG therapists, and communication with her direct supervisor. (Brubaker Decl. ¶¶ 2-9.)

decision, policy, or plan. Misra, 673 F. Supp. 2d at 993. In Misra, the plaintiffs alleged that the defendants misclassified particular categories of employees as exempt from overtime laws and misrepresented to those employees, and others, that they were not entitled to overtime pay. Id. at 991. The court found that the plaintiffs met their evidentiary burden under step one because they "submitt[ed] 18 declarations from 12 different branches in 10 different states outlining details of the compensation structure and work hours of" those employee categories. Id. at 995. Similarly, in Lewis v. Wells Fargo & Co., 669 F. Supp. 2d 1124 (N.D. Cal. 2009), the plaintiffs supported allegations that all technical support workers shared a job description, were uniformly classified as exempt from overtime pay, and performed similar job functions by submitting deposition and declaration testimony from twenty-seven opt-in class members, and documentary and testimonial evidence from the defendant. Id. Comparatively, in Sarviss, the only evidence submitted by the plaintiff in support of conditional certification of a class of helicopter pilots was his own declaration that he and other helicopter pilots worked more than eight hours per day and more than forty hours per week. 663 F. Supp. 2d at 905. The court held that even if it were plausible that other pilots were classified as exempt from overtime provisions, the plaintiff failed to meet his evidentiary burden for initial certification because he provided no "evidence–including through his own declaration–that would support the existence of other helicopter pilots who deserved but were not paid overtime." Id. The only evidence of a violation was the plaintiff's own experience, which could not support his claim that he was similar situated. Id.

Plaintiff's showing is as deficient as the showing in Sarviss, if not more so. Plaintiff submitted only one declaration–her own–to support her allegations that EG's policies violate the FLSA. The only evidence of a violation is her own experience; her declaration does not even aver that other therapists at Victoria Healthcare or other EG-affiliated facilities are similarly situated. Nothing in the SEC filings supports her allegations that therapists at EG-affiliated facilities are not paid overtime compensation. True, "[f]or conditional certification, plaintiffs do not need to provide evidence that every facility relevant to the proposed class maintains an illegal policy." Adams, 242 F.R.D. at 537 (holding that plaintiffs met burden for conditional certification by providing declarations and exhibits from security officers and security supervisors in support of allegations that proposed class members worked over forty hours per week without overtime pay). But regardless of whether the structure of EG's business model, its relationship to its subsidiaries, and the duties of the therapists at each subsidiary make it plausible that other therapists were classified as hourly, non-exempt employees,

Plaintiff's evidentiary showing asks the Court to infer without any basis the possibility that more than one person has been the victim of a single decision, policy or plan by EG. That simply is not enough to warrant conditional certification of this collective action. See Sarviss, 663 F. Supp. 2d at 904; Silverman v. SmithKline Beecham Corp., Nos. CV 06-7272 DSF, CV 07-2601-DSF, 2007 WL 6344674, at *2 (C.D. Cal. Oct. 15, 2007) ("The evidence does not have to be overwhelming, but it should demonstrate some likelihood that the proposed class members are similarly situated and that more than a minimal number of prospective class members are interested in joining suit."); Adams, 242 F.R.D. at 537-38 (citing Horne v. United Serv. Auto. Ass'n, 279 F. Supp. 2d 1231, 1236 (M.D. Ala. 2003)) (explaining that named plaintiff must demonstrate that there existed or exists at least one "similarly situated" person at a facility other than her own who may desire to opt-in to case).

The Court finds the Plaintiff's single declaration, in conjunction with the SEC filings and her Complaint, insufficient to satisfy the low threshold for conditional class certification.

## IV.   CONCLUSION

For the foregoing reasons, the Motion for Conditional Class Certification to Facilitate Notice is DENIED. The Court does not hold that Plaintiff cannot satisfy her burden under any showing, but merely that she has not done so here.

Because the Court declines to certify the proposed class, the Court does not consider the adequacy of the proposed notice or Plaintiff's request for information about the proposed class. The Court agrees with EG, however, that the parties should meet and confer regarding the language of the notice. In the event Plaintiff chooses to file a renewed motion for conditional class certification, the Court orders the parties to attempt to reach consensus on the language of the notice.

IT IS SO ORDERED.

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |